(115 So. 767)

## DYKES v. STATE.   (1 Div. 762.)

Court of Appeals of Alabama.   March 13, 1928.

Inge & Bates, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. · The appellant, defendant below, was convicted for the offense denounced by section 4656 of the Code 1923.

■ The corpus delicti was fully proven by the undisputed evidence in this case; therefore the only question involved upon this trial was whether or not this defendant was in the possession of the still in question as charged in the second count of the indictment. The evidence on this point was in sharp conflict. A jury question was thus presented, rendering inapt the affirmative charge requested in writing.

The theory of the state was that the still was owned by and in the possession of the defendant, and that the men arrested at the still by the raiding officers were in the employ of defendant in the operation of the still.

The defendant strenuously denied any connection with the still, and his defense was predicated upon the theory that there was a "frame-up" upon the part of the state's witnesses, or some of them, trying to fasten guilt upon him.

■■ If the defendant was in possession of the still, the main state witness, one Robert Knight, was admittedly his accomplice, and, the charge being a felony, no conviction of the accused could be had upon his testimony, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. In this case there was ample evidence, other than that of the accomplice, tending to connect the defendant with the commission of the offense charged. The weight, credibility, or probative force of this evidence was, of course, for the jury to determine.

■ The record discloses that Robert Knight and Morris Young, the two men who were caught operating the still at the time of the raid, were convicted for the offense, and were both serving sentence at Kilby Prison (state penitentiary). Over the objection and exception of defendant, the court permitted the state to introduce evidence, by several witnesses, tending to show an undue intimacy between the defendant, a man of family, with a woman, one Mrs. Mattie Roy, shown by the evidence to be the sister of the man Morris Young, who was caught at the still in question by the officers at the time of the raid upon the still. It does not appear from the record that either Morris Young or the woman Mrs. Roy testified in this case as a witness. It is therefore not apparent to

this court, who have, en banc, considered the evidence in this case, what light the alleged undue relations between the accused and the Roy woman could shed upon the sole inquiry involved upon the trial, as to whether or not the defendant was in possession of the unlawful still. That this line of inquiry was highly prejudicial to the substantial rights of the defendant cannot be questioned, and, not being relevant to the issue involved, we perforce must conclude that the court's rulings in this connection constituted reversible error.

■■ On cross-examination of state witness Lottie Thompson the defendant brought out the fact that three or four days after the still was torn up the witness heard about it, and that Mrs. Roy told witness about it. The redirect examination of this witness by the solicitor and by the court as to what Mrs. Roy had stated to her, etc., was allowable under the elementary rules of evidence, and the exception reserved and insisted upon in this connection is wholly without merit. Likewise the rulings of the court upon the cross-examination of witness Herbert Pearce were correct, as it was entirely within the discretion of the court not to permit defendant's counsel to have witness repeat several times matters already given in evidence by him on this cross-examination.

■■ As stated hereinabove, the defendant denied all connection with the still as to ownership, possession, or otherwise, and insisted that this prosecution against him was the result of a "frame-up." In this connection he introduced one Dan Garlott as a witness, who without objection testified: ·

"Morris Young came to me and asked me to help them frame-up against the defendant, W. R. Dykes, and asked me to swear that I saw Dykes hauling sugar, barrels, and other things to be used in connection with a still, and, when they asked me to swear to these things, they knew that they were false."

The witness was not cross-examined.

After the defendant had closed the evidence in his case, the state in rebuttal, and without objection, introduced Ed Young and Jim Fincher as witnesses to disprove the statement testified to by defendant's witness Dan Garlott, and each of said witnesses, gave evidence to that effect. At the conclusion of the rebuttal by state, the defendant asked leave of the court to be permitted to recall his witness Wheeler for the purpose of sustaining and corroborating the evidence of witness Garlott, but, upon objection by the state, based upon the ground, "because he could have done that in proving his case in the first instance," the court declined to permit the witness to be recalled and examined, and defendant duly and legally excepted. The rule is, as to matters of this nature, that they rest largely within the discretion of

the court, and, unless it clearly appears such discretion has been abused, revision of the court's action will not obtain. Here, we think, the court should have granted the motion, and that the defendant should have been allowed the benefit of the testimony sought. The record shows that the state's objection, supra, is not borne out. To the contrary, it appears that, when said witness Wheeler was upon the stand, the defendant made every effort to prove the matter in controversy on this point, but was prevented from so doing by the sustained objection of the state. The evidence sought from witness Wheeler was vital to defendant, and, in our opinion, the court erred in its rulings which resulted in his being deprived thereof.

There are other insistences of error, but we regard it as not being necessary to discuss each of the remaining exceptions.

For the errors designated, the judgment of conviction in the circuit court, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.